**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**DUSTY PAGE**                                                           **PETITIONER**

vs.                                    **CIVIL ACTION NO.: 3:12cv79-SA-JMV**

**SHERIFF JIMMY EDWARDS, et al.**                              **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is the pro se petition of Dusty Page (#16188), a pretrial detainee housed at the Union County Sheriff's Department, seeking federal habeas relief pursuant to 28 U.S.C. § 2241, and Respondents' motion to dismiss the petition for failure to state a claim upon which relief may be granted. Petitioner has not responded to the motion to dismiss. Upon due consideration, the Court finds that Respondents' motion should be granted and the petition dismissed, for the reasons that follow.

**Facts and Procedural History**

On August 21, 2012, Petitioner filed a complaint in this Court pursuant to 42 U.S.C. § 1983, challenging both the conditions of his confinement and the merits of criminal charges pending against him. (*See* doc. entry 1). The Court entered an order severing Petitioner's claims relating to his pending criminal charges; namely, that he was improperly denied a preliminary hearing. (*See* doc. entries 1 and 3). By separate order, the Court granted Petitioner's motion to proceed *in forma pauperis* and required Respondents to answer the allegations raised by Petitioner as to his pending criminal case. (*See* doc. entry no. 4).

On June 26, 2012, the Union County Justice Court, in Cause No. 708285, entered judgment finding that Petitioner had waived his preliminary hearing, binding his charge over to

the grand jury, and setting bond at $ 25,000. (Respts' Mot. to Dismiss Ex. A). Documents were placed in Petitioner's justice court file noting that Hennepin County, Minnesota, had placed a hold on Petitioner as a result of drug charges pending against him in that jurisdiction. (*See id.* Ex. B). On October 3, 2012, Petitioner was indicted in the Circuit Court of Union County, Mississippi, for one count of conspiring to manufacture methamphetamine. (*See id.* Ex. C). That charge is currently pending.

Petitioner, aggrieved by the events surrounding his arrest and the denial of a preliminary hearing, requests that this Court do "anything [it] can" to achieve justice. (*See* doc. entry no. 1, 5).

**Law and Analysis**

Because he has not yet been convicted, Petitioner is a pretrial detainee who has the right to seek federal habeas relief pursuant to 28 U.S.C. § 2241, but that relief "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973). Courts have recognized "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citation omitted). A pretrial detainee who files a habeas petition in "an attempt to dismiss an indictment or otherwise prevent a prosecution" is seeking an objective that is "normally not attainable through federal habeas corpus." *Id.*

In this case, Petitioner does not seek to enforce a speedy trial right. Rather, he argues

that if he had been afforded a preliminary hearing, he could have established that probable cause did not exist for his arrest. To the extent that Petitioner seeks to prevent the State from prosecuting him, he is seeking to "abort" or "disrupt" the normal and "orderly functioning of state judicial processes" and no federal intervention is warranted. *Brown*, 530 F.2d at 1282-83 (citations omitted); *see also Dickerson*, 816 F.2d at 225 ("[F]ederal courts should abstain from the exercise of [] jurisdiction if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner."). Therefore, Petitioner fails to state a claim upon which federal habeas relief may be granted, and Respondents' motion to dismiss should be granted.

## Conclusion

Because Petitioner seeks relief that is unavailable in federal habeas, the Court finds that Respondents' motion to dismiss for failure to state a claim upon which habeas relief may be granted (doc. entry no. 7) is **GRANTED** and the instant petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. Any pending motions are dismissed as moot. A separate judgment in accordance with this opinion and order will be entered today.

**SO ORDERED**, **THIS** the 20th day of November, 2012.

    /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**